IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,<br><br>Plaintiff,<br><br>v.<br><br>BARR PHARMACEUTICALS, INC. and BARR LABORATORIES, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 08-CV-112 (SLR)<br>)<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**BRIEF IN SUPPORT OF DEFENDANT BARR PHARMACEUTICALS, INC.'S
MOTION TO DISMISS**

John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
Phillips, Goldman & Spence, P.A.
1200 North Broom Street
Wilmington, DE 19806
Tel. (302) 655-4200
Fax (302) 655-4210
JCP@pgslaw.com

Of Counsel:
George C. Lombardi (glombardi@winston.com)
James M. Hilmert (jhilmert@winston.com)
Ivan M. Poullaos (ipoullaos@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601-9703
(312) 558-5600

*Attorneys for Defendants*

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| NATURE AND STAGE OF PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 1 |
| STATEMENT OF FACTS | 1 |
| I. Statutory Background | 1 |
| II. Factual Background | 3 |
| ARGUMENT | 4 |
| I. Legal Standards for 12(b)(6) Dismissal | 4 |
| II. The Complaint fails to state a claim against Barr Pharmaceuticals | 5 |
|     A. There is no direct infringement under § 271(e)(2) because Barr Pharmaceuticals did not submit the ANDA | 5 |
|     B. The complaint does not allege any basis to hold Barr Pharmaceuticals vicariously liable for Barr Laboratories' ANDA submission | 6 |
| CONCLUSION | 8 |

## TABLE OF AUTHORITIES

**Cases** **Page**

*AstraZeneca AB v. Mylan Labs., Inc.*,
      265 F. Supp. 2d 213 (S.D.N.Y. 2003) .................................................................7

*A. Stucki Co. v. Worthington Indus., Inc.*,
      849 F.2d 593 (Fed. Cir. 1988) ............................................................................6

*Breitigan v. New Castle County*,
      350 F. Supp. 2d 571 (D. Del. 2004) ....................................................................4

*Cencom Cable Income Partners v. Wood*,
      752 A.2d 1175 (Del. Ch. 1999) ...........................................................................7

*Digene Corp. v. Ventana Medical Systems, Inc.*,
      476 F. Supp. 2d 444 (D. Del. 2007) ....................................................................4

*Eli Lilly & Co. v. Medtronic, Inc.*,
      496 U.S. 661 (1990) ............................................................................................2

*Glaxo Group Ltd. v. Apotex, Inc.*,
      376 F.3d 1339 (Fed. Cir. 2004) .......................................................................1, 2

*Glaxo, Inc. v. Novopharm Ltd.*,
      110 F.3d 1562 (Fed. Cir. 1997) ...........................................................................3

*Grasty v. Michail, M.D.*,
      2004 WL 396388 (Del. Super. Feb. 24, 2004) ....................................................7

*Morse v. Lower Merion Sch. Dist.*,
      132 F.3d 902 (3d Cir. 1997) ................................................................................4

*Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc.*,
      267 F. Supp. 2d 545 (N.D. W. Va. 2003) ............................................................7

*Pfizer Inc. v. Ranbaxy Labs. Ltd.*,
      321 F. Supp. 2d 612 (D. Del. 2004) ....................................................................7

*Ronald A. Katz Tech. Licensing, L.P. v. Verizon Comms., Inc.*,
      2002 WL 31834833 (E.D. Pa. Dec. 18, 2002) ....................................................6

*SmithKline Beecham Corp. v. Geneva Pharms., Inc.*,
      287 F. Supp. 2d 576 (E.D. Pa. 2002) ...............................................................5, 6

*SmithKline Beecham Corp. v. Pentech Pharms., Inc.*,
    2001 WL 184804 (N.D. Ill. Feb. 20, 2001) ..................................................................6

*Sussex County Senior Services, Inc. v. Carl J. Williams & Sons, Inc.*,
    1999 WL 33220035 (D. Del. Dec. 29, 1999)..............................................................4

*United States v. Bestfoods*,
    524 U.S. 51 (1998) .....................................................................................................6

**Statutes, Regulations, And Public Laws**

21 U.S.C. § 355 ......................................................................................................................1, 2

35 U.S.C. § 156..........................................................................................................................1

35 U.S.C. § 271..................................................................................................................1, 2, 5

Pub. L. No. 98-417, 98 Stat. 1585 (1984)..................................................................................1

21 C.F.R. § 314.94.....................................................................................................................2

**Federal Rules**

Fed. R. Civ. P. 12......................................................................................................................4

**Publications**

Charles A. Wright & Arthur R. Miller,
    *Federal Practice and Procedure* § 1357 (2d ed. 1997).............................................4

## NATURE AND STAGE OF PROCEEDINGS

On February 25, 2008, Plaintiff, SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("Glaxo"), filed a Complaint for Patent Infringement against Defendants, Barr Pharmaceuticals, Inc. ("Barr Pharmaceuticals") and Barr Laboratories, Inc. ("Barr Laboratories"). On March 17, 2008, Barr Laboratories filed Barr Laboratories Inc.'s Answer and Counterclaim to Complaint and Barr Pharmaceuticals filed Defendant Barr Pharmaceuticals, Inc.'s Motion to Dismiss the Complaint Against it. This is Barr Pharmaceuticals' opening brief in support of its Motion to Dismiss.

## SUMMARY OF ARGUMENT

Barr Pharmaceuticals, one of two defendants named in the Complaint, is not a proper party to this action. The Complaint alleges a single act of patent infringement – the "highly artificial act of infringement" under 35 U.S.C. § 271(e)(2) of submitting a generic drug application that challenges patents connected to the brand name drug. *Glaxo Group Ltd. v. Apotex, Inc.*, 376 F.3d 1339, 1349 (Fed. Cir. 2004). As the Complaint recognizes, Barr Laboratories – *not* Barr Pharmaceuticals – submitted the generic drug application. There is simply no legal basis to claim that Barr Pharmaceuticals engaged in any activity that could form the legal basis for a claim of patent infringement, and the Complaint states none. This Court should dismiss the Complaint against Barr Pharmaceuticals, with prejudice.

## STATEMENT OF FACTS

### I. Statutory Background

Plaintiff Glaxo's case is based on the Hatch-Waxman Amendments to the Federal Food, Drug and Cosmetic Act ("FFDCA"). *See* Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified at 21 U.S.C. § 355 and 35 U.S.C. §§ 156, 271(e)). Under the FFDCA, as amended, a company seeking approval to market a drug that previously has not been approved must file with the U.S.

1

Food and Drug Administration ("FDA") a New Drug Application ("NDA") which contains studies showing the proposed drug product is safe and effective. 21 U.S.C. § 355(b)(1). The NDA must include, among other things, any patent that the applicant contends claims the drug or a method of using the drug. *Id.* The FDA publishes the patent information in connection with the NDA in "Approved Drug Products with Therapeutic Equivalence Evaluations," commonly known as the "Orange Book." 21 U.S.C. § 355(b)(1), -(j)(7)(A)(iii).

A company seeking approval of a generic version of an already approved NDA drug may file an Abbreviated New Drug Application, or "ANDA," that relies on the safety and efficacy studies performed on the NDA drug. *Id.* § 355(j)(1)-(2). To do so, the ANDA applicant must, among other things, submit a "certification" for any patent listed in the Orange Book in connection with the NDA drug. *Id.* § 355(j)(2)(A)(vii). One such certification is a "paragraph IV" certification, which states that the listed patent is invalid, unenforceable, and/or will not be infringed by the proposed ANDA product. *Id.* § 355(j)(2)(A)(vii)(IV); 21 C.F.R. § 314.94(a)(12)(i)(A)(4).

The submission of an ANDA with a paragraph IV certification can constitute a technical act of infringement under 35 U.S.C. § 271(e)(2), but it is a unique kind of "infringement." It is a "highly artificial act of infringement," "the very limited and technical purpose" of which is "to permit patent holders to bring suit against generic companies despite the fact that the generic companies have not yet infringed the patents at issue." *Glaxo*, 376 F.3d at 1349, 1351 (citing and quoting *Eli Lilly & Co. v. Medtronic, Inc.*, 496 U.S. 661, 676, 678 (1990)). The Federal Circuit thus considers § 271(e)(2) "to be primarily a jurisdictional-conferring statute that establishes a case or controversy in a declaratory judgment action." *Id.* at 1351.

2

Of course, "the patentee's burden of proving ultimate infringement is not met by the filing of the ANDA." *Glaxo, Inc. v. Novopharm Ltd.*, 110 F.3d 1562, 1570 (Fed. Cir. 1997). Rather, the court must determine "whether the patentee has proven by a preponderance of the evidence that the alleged infringer will likely market an infringing product," based on "[w]hat is likely to be sold, or, preferably, what will be sold" following FDA approval. *Id.*

## II.     Factual Background

According to the Complaint, Glaxo holds approved NDA No. 21-319 for the drug Avodart®, which is used for the treatment of symptomatic benign prostatic hyperplasia or "BPH." (D.I. 1 at ¶ 9.) Glaxo listed three patents in the Orange Book in connection with NDA No. 21-319: United States Patents Nos. 5,565,467 ("the '467 patent"), 5,846,976 ("the '976 patent"), and 5,998,427 ("the '427 patent"). These are the three patents Glaxo asserts in this case. (*Id.* at ¶¶ 32-43.)

According to the Complaint, Barr Laboratories filed ANDA No. 90-095, seeking approval to market a generic version of Avodart®. (*Id.* at ¶ 24.) Barr Laboratories' ANDA contains paragraph IV certifications to the patents Glaxo asserts. (*Id.* at ¶ 26.) Glaxo thereafter initiated this lawsuit against Barr Laboratories, asserting infringement claims under § 271(e)(2). (*Id.* ¶¶ 33, 37, 41.)

Glaxo, however, for unspecified reasons also included Barr Pharmaceuticals as a party to its lawsuit. The Complaint does not contend that Barr Pharmaceuticals submitted ANDA No. 90-095, or was otherwise involved with the submission or preparation of that ANDA. In fact, Glaxo's only allegation specifically pertaining to Barr Pharmaceuticals is that Barr Pharmaceuticals is "a corporation organized and existing under the laws of Delaware and having a principal place of business at 400 Chestnut Ridge Road, Woodcliff Lake, New Jersey 07677." (*Id.* ¶ 3.) Ignoring the distinction between the two companies, the Complaint proceeds to define

3

Barr Pharmaceuticals and Barr Laboratories as simply "Barr," (*id.* at ¶ 5), and then asserts patent infringement against "Barr" collectively despite the fact that Barr Pharmaceuticals neither submitted the ANDA nor committed any act of infringement cognizable under the Patent Act. (*Id.* at ¶¶ 32-43.)

## ARGUMENT

### I.  Legal standards for 12(b)(6) dismissal.

When deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court "must assume the truth of all well pleaded factual allegations set forth in the complaint, and must construe them in the light most favorable to the non-moving party." *Digene Corp. v. Ventana Medical Systems, Inc.*, 476 F. Supp. 2d 444, 446 (D. Del. 2007). The Court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Breitigan v. New Castle County*, 350 F. Supp. 2d 571, 574 (D. Del. 2004) (internal citations omitted). "Of course, when undertaking this analysis, the court need not accept legal conclusions plead in the guise of factual allegations as being true. In fact, these types of conclusory allegations, which often masquerade as factual conclusions, will not suffice to prevent a motion to dismiss." *Sussex County Senior Services, Inc. v. Carl J. Williams & Sons, Inc.*, 1999 WL 33220035, at *1 (D. Del. Dec. 29, 1999) (internal citations omitted). Thus, when ruling on a motion under Rule 12(b)(6), courts can and should reject "'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' and 'sweeping legal conclusions cast in the form of factual allegations.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 n.8 (3d Cir. 1997) (quoting Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1997)).

4

## II. The Complaint fails to state a claim against Barr Pharmaceuticals.

Glaxo has not stated a claim against Barr Pharmaceuticals for patent infringement. Glaxo does not contend that Barr Pharmaceuticals submitted the ANDA that is the sole basis for its patent infringement claim. And, there is no reason stated in the Complaint, nor any other valid basis whatsoever, to hold Barr Pharmaceuticals vicariously liable for infringement.

### A. There is no direct infringement under § 271(e)(2) because Barr Pharmaceuticals did not submit the ANDA.

Through the Hatch-Waxman Act, Congress expressly provided that a generic drug maker's pre-launch activities in furtherance of its application for regulatory approval do *not* constitute patent infringement: "It shall not be an act of infringement to make, use, offer to sell, or sell . . . a patented invention . . . solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs . . . ." 35 U.S.C. § 271(e)(1). This safe harbor prevents a branded drug maker from suing an ANDA applicant for infringement for any activities related to developing its generic product. *See Eli Lilly*, 496 U.S. at 678 (observing that § 271(e)(1) "disable[s]" a patent holder from establishing there has been an act of infringement).

There is one exception to the § 271(e)(1) safe harbor, and it is found in § 271(e)(2). Under § 271(e)(2), a patentee may sue an ANDA applicant when, and only when, the applicant submits the ANDA and seeks approval before the expiration of the listed patents. *See* 35 U.S.C. § 271(e)(2)(A). The sole "act of infringement" under § 271(e)(2)(A) is the "submi[ssion]" of an ANDA with a paragraph IV certification. Thus, as Glaxo well knows, a party that does not "submit" the ANDA does not commit the technical act of infringement required for purposes of § 271(e)(2)(A). *See SmithKline Beecham Corp. v. Geneva Pharms., Inc.*, 287 F. Supp. 2d 576, 584 (E.D. Pa. 2002) ("By its terms, the Act limits liability for direct infringement to the party

5

submitting the ANDA."); *SmithKline Beecham Corp. v. Pentech Pharms., Inc.*, 2001 WL 184804, at *2 (N.D. Ill. Feb. 20, 2001) ("Section 271(e)(2)(A) unambiguously refers only to persons who submit ANDAs.").

Here, it was Barr Laboratories, and no other company, that submitted the relevant ANDA. Glaxo's own Complaint recognizes this plain fact. (*See* D.I. 1 at ¶ 24 ("*Barr Labs* submitted to the FDA Abbreviated New Drug Application ("ANDA") No. 90-095 . . .") (emphasis added). Therefore, Glaxo does not, and cannot, allege that Barr Pharmaceuticals engaged in the act that constitutes technical infringement in a Hatch-Waxman case. *See Geneva*, 287 F. Supp. 2d at 584 (holding that only the company that submitted the ANDA could be held liable as direct infringer under § 271(e)(2)); *Pentech*, 2001 WL 184804, at *2 (same). Glaxo's claims of infringement against Barr Pharmaceuticals should be dismissed accordingly.

**B.     The complaint does not allege any basis to hold Barr Pharmaceuticals vicariously liable for Barr Laboratories' ANDA submission.**

Further, Glaxo has not alleged any basis that would allow this Court to impose vicarious liability on Barr Pharmaceuticals, or to disregard the corporate distinction between Barr Pharmaceuticals and Barr Laboratories.

Parent companies generally are not liable for the acts of their subsidiaries. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998). Thus, in patent cases, courts repeatedly hold that a parent company is liable for the allegedly infringing acts of its subsidiary "only if the evidence reveals circumstances justifying disregard of the status of [the parent and subsidiary] as distinct, separate corporations." *A. Stucki Co. v. Worthington Indus., Inc.*, 849 F.2d 593, 596 (Fed. Cir. 1988); *see also Ronald A. Katz Tech. Licensing, L.P. v. Verizon Comms., Inc.*, 2002 WL 31834833, at *2 (E.D. Pa. Dec. 18, 2002) (refusing to impose infringement liability on parent holding company

6

for subsidiary's infringement because patentee had not shown facts sufficient to pierce the corporate veil) (citing *Bestfoods*, 524 U.S. at 62).

Here, the Complaint does not allege any fraud or inequity in Barr Pharmaceuticals' or Barr Laboratories' corporate forms. It does not allege that Barr Pharmaceuticals exercises domination and control over Barr Laboratories sufficient to deem Barr Laboratories the alter ego of Barr Pharmaceuticals. Glaxo simply has not alleged *anything* that would permit this Court to disregard Barr Pharmaceuticals' and Barr Laboratories' status as separate and distinct corporate entities. *See Grasty v. Michail, M.D.*, 2004 WL 396388, at *1-2 (Del. Super. Feb. 24, 2004) (requiring a showing of "fraud or inequity" and holding parent's funding and control of certain actions of subsidiary are insufficient to pierce corporate veil under Delaware law); *Cencom Cable Income Partners v. Wood*, 752 A.2d 1175, 1184 (Del. Ch. 1999) (parent must exercise "exclusive domination and control . . . to the point that [the subsidiary] no longer ha[s] legal or independent significance" to pierce corporate veil under Delaware law).

Moreover, Barr Pharmaceuticals cannot be held liable under a theory of indirect infringement. This court has held in no uncertain terms that "a claim for inducement of infringement cannot be based solely upon allegations that a defendant aided and abetted the filing of an ANDA." *Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 321 F. Supp. 2d 612, 616 (D. Del. 2004); *see also Ortho-McNeil Pharm., Inc. v. Mylan Labs., Inc.*, 267 F. Supp. 2d 545, 548-49 (N.D. W. Va. 2003) (dismissing claims for inducement of filing an ANDA); *AstraZeneca AB v. Mylan Labs., Inc.*, 265 F. Supp. 2d 213, 217 (S.D.N.Y. 2003) ("[W]hether the submission of an ANDA was induced is not the proper subject of a Hatch-Waxman action."). Yet that is the sole basis for Barr Pharmaceutical's alleged infringement. The Complaint merely asserts that "Barr has infringed, induced the infringement of, and contributed to the infringement of [the patents] by

7

submitting to the FDA ANDA No. 90-095, which includes a Paragraph IV Certification . . . and which seeks approval from the FDA to engage in the commercial manufacture, use, offer to sell, sale and/or importation of generic dutasteride capsules for the treatment of BPH prior to the expiration of the [patents]." (D.I. 1 at ¶¶ 33, 37, 41). This allegation is foreclosed as a matter of law.

The Complaint alleges no alternative basis to hold Barr Pharmaceuticals liable for Barr Laboratories' alleged "infringement" by its paper filing of an ANDA, and there is none.

## CONCLUSION

For all of the foregoing reasons, this Court should dismiss all of Glaxo's claims against Barr Pharmaceuticals, Inc., with prejudice.

Dated:  March 17, 2008

Respectfully submitted,

Barr Laboratories, Inc.

By: /s/ John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
Phillips, Goldman & Spence, P.A.
1200 North Broom St.
Wilmington, DE 19806
Tele:  (302) 655-4200
Fax:  (302) 655-4210
JCP@pgslaw.com

Of Counsel:
George C. Lombardi
(glombardi@winston.com)
James M. Hilmert (jhilmert@winston.com)
Ivan M. Poullaos (ipoullaos@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois  60601
(312) 558-5600

*Attorneys for Defendant Barr Laboratories, Inc.*