IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION<br>d/b/a GLAXOSMITHKLINE,<br><br>  Plaintiff,<br><br>  v.<br><br>BARR PHARMACEUTICALS, INC. and<br>BARR LABORATORIES, INC.,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  C.A. No. 08-CV-112 (SLR)<br>)<br>)<br>)  **JURY TRIAL DEMANDED**<br>)<br>)<br>) |

### BARR LABORATORIES, INC.'S AMENDED ANSWER AND COUNTERCLAIM TO COMPLAINT

Defendant Barr Laboratories, Inc. ("Barr Labs"), by and through the undersigned attorneys, answers the Complaint of Plaintiff SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("Glaxo" or "GSK"), as follows:

### NATURE OF ACTION

1.   Barr Labs admits that this case purports to be an action for patent infringement, but denies that the asserted patents are valid, denies that they are infringed, and denies liability for patent infringement.

### PARTIES

2.   Upon information and belief, Barr Labs admits that Plaintiff GSK is a corporation organized and existing under the laws of Pennsylvania and having an office and place of business at One Franklin Plaza, Philadelphia, PA 19102. Barr Labs is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and therefore denies the same.

1

3. Barr Labs admits that defendant Barr Pharmaceuticals, Inc is a corporation organized and existing under the laws of Delaware. Barr Labs denies that defendant Barr Pharmaceuticals, Inc. is a proper party to this litigation, and denies the remaining allegations of paragraph 3.

4. Barr Labs admits that it is a corporation organized and existing under the laws of Delaware. Barr Labs admits that it has a principal place of business at 223 Quaker Road, P.O. Box 2900, Pomona, NY 10970, but denies the remaining allegations of paragraph 4.

5. Paragraph 5 does not set forth factual allegations requiring a response. To the extent that a response is required, Barr Labs denies that Barr Pharmaceuticals, Inc. and Barr Laboratories, Inc. are the same corporate entity and denies that they should be referred to collectively.

## JURISDICTION AND VENUE

6. Barr Labs admits that this case purports to be an action for patent infringement, but denies that the asserted patents are valid, denies that they are infringed, and denies liability for patent infringement. Barr Labs admits that this Court has subject matter jurisdiction.

7. Barr Labs admits the allegations of paragraph 7.

8. Barr Labs admits the allegations of paragraph 8.

## AVODART

9. Barr Labs admits that the FDA lists Glaxo as the holder of New Drug Application No. 21-319 for Avodart, the active ingredient of which is dutasteride, and that Avodart was approved on November 20, 2001 for the treatment of BPH. Barr Labs denies any remaining allegations of paragraph 9.

10. Barr Labs admits that the '467 patent, the '976 patent, and the '427 patent are listed in the Orange Book with respect to Avodart.

11. Paragraph 11 does not set forth factual allegations requiring a response.

**THE PATENTS-IN-SUIT**

12. Barr Labs admits that a copy of the '467 patent was attached as Exhibit A to the Complaint. Barr Labs admits that the '467 patent states on its face a title of "Androstenone Derivative" and an issue date of October 15, 1996. Barr Labs denies that the '467 patent was duly and legally issued. Barr Labs admits that GSK is listed by the PTO as the assignee of the '467 patent. Barr Labs is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies them.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 13 are denied.

14. The '467 patent is invalid and affords no legal exclusivity. Barr Labs therefore denies the allegations in paragraph 14.

15. Barr Labs is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and therefore denies the same.

16. Barr Labs admits that a copy of the '976 patent was attached as Exhibit B to the Complaint. Barr Labs admits that the '976 patent states on its face a title of "Androstenone Derivative" and an issue date of December 8, 1998. Barr Labs denies that the '976 patent was duly and legally issued. Barr Labs admits that GSK is listed by the PTO as the assignee of the '976 patent. Barr Labs is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16, and therefore denies them.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, Barr Labs denies the allegations of paragraph 17.

18. The '976 patent is invalid and affords no legal exclusivity. Therefore, Barr Labs denies the allegations in paragraph 18.

19. Barr Labs is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 19 and therefore denies them.

20. Barr Labs admits that a copy of the '427 patent was attached as Exhibit C to the Complaint. Barr Labs admits that the '427 patent states on its face a title of "Androstenones" and an issue date of December 7, 1999. Barr Labs denies that the '427 patent was duly and legally issued. Barr Labs admits that GSK is listed by the PTO as the assignee of the '427 patent. Barr Labs is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies them.

21. Paragraph 21 contains legal conclusions to which no response is required. To the extent a response is required, the allegations of paragraph 21 are denied.

22. The '427 patent is invalid and affords no legal exclusivity. Therefore, Barr Labs denies the allegations in paragraph 22.

23. Barr Labs is without knowledge or information sufficient to form a belief as to the truth of allegations in paragraph 23 and therefore denies them.

## BARR'S ANDA

24. Barr Labs admits the allegations in paragraph 24.

25. Barr Labs admits the allegations in paragraph 25.

26. Barr Labs admits the allegations in paragraph 26.

27. Barr Labs admits that its filing of ANDA No. 90-095, containing a paragraph IV certification for the asserted patents, vests this Court with subject matter jurisdiction pursuant to 35 U.S.C. § 271(e). Barr Labs denies the remaining allegations in paragraph 27.

28. Denied.

29. Denied.

30. Denied.

31.  Barr Labs admits that it was aware that the '976, '427, and '467 patents were listed in the Orange Book when it filed its ANDA. Barr Labs denies the remaining allegations in paragraph 31.

## COUNT ONE: INFRINGEMENT OF THE '467 PATENT

32.  Barr Labs incorporates by reference its answers to paragraphs 1-31.

33.  Denied.

34.  Denied.

35.  Denied.

## COUNT TWO: INFRINGEMENT OF THE '976 PATENT

36.  Barr Labs incorporates by reference its answers to paragraphs 1-31.

37.  Denied.

38.  Denied.

39.  Denied.

## COUNT THREE: INFRINGEMENT OF THE '427 PATENT

40.  Barr Labs incorporates by reference its answers to paragraphs 1-31

41.  Denied.

42.  Denied.

43.  Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The manufacture, use, sale, or offer for sale of the ANDA products that are the subject of Barr Labs' ANDA No. 90-095 has not infringed, does not actually infringe, and if marketed would not infringe, any valid and enforceable claim of the asserted patents.

### Second Affirmative Defense

One or more claims of the asserted patents are invalid and/or unenforceable under one or more provisions of 35 U.S.C. §§ 101, 102, 103 and/or 112, or other judicially-created bases for invalidation or unenforceability.

### Third Affirmative Defense

Glaxo has failed to state any claim against Barr Pharmaceuticals, Inc.

### Fourth Affirmative Defense

Glaxo's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Fifth Affirmative Defense

Any additional defenses that discovery may reveal.

WHEREFORE, Defendants hereby demand judgment dismissing Plaintiff's Complaint with prejudice, judgment for costs and fees of suit, and for such other relief as the Court may deem just.

### COUNTERCLAIMS

For its counterclaims against Smithkline Beecham Corporation d/b/a GlaxoSmithKline ("Glaxo") Defendant Barr Laboratories, Inc. ("Barr Labs") states as follows:

### Parties

1. Barr Labs is a Delaware corporation having its executive offices at 225 Summit Avenue, Montvale, NJ 07645.

2. On information and belief, Glaxo is a corporation organized and existing under the laws of Pennsylvania and having an office and place of business at One Franklin Plaza, Philadelphia, PA 19102.

**Jurisdiction and Venue**

3. This action arises under the patent laws of the United States of America. Subject matter jurisdiction is proper in this Court by Title 28, United States Code Sections 1331, 1338(a), 2201, and/or 2202.

4. Personal jurisdiction is proper in this Court because Glaxo has subjected itself to the jurisdiction of this court by virtue of the filing of its Complaint.

5. Venue is proper in this Court under Title 28, United States Code 1391 and 1400.

**Background**

6. On information and belief, the United States Patent and Trademark Office issued U.S. Patent Nos. 5,565,467 ("the '467 patent"), 5,846,976 ("the '976 patent"), and 5,998,427 ("the '427 patent"), each listing Glaxo Wellcome Inc. as the assignee. The '467 patent, the '976 patent and the '427 patent are collectively referred to as the "patents-in-suit."

7. Glaxo claims to own and have the right to enforce the patents-in-suit.

8. On information and belief, Glaxo is the current holder of approved New Drug Application ("NDA") No. 21-319 for Avodart.

9. The Hatch-Waxman Amendments to the Federal Food, Drug, and Cosmetic Act ("FDCA") authorize a generic drug company to submit an Abbreviated New Drug Application ("ANDA") to the Food and Drug Administration ("FDA").

10. The FDCA requires NDA holders to disclose to the FDA the patent numbers and expiration dates of patents that the holders believe claim the "drug" for which the NDA is submitted, or patents covering a "method of using such drug." 21 U.S.C. §§ 355(b)(1) and (c)(2).

11. The FDA then lists patents identified by the NDA holders in the publication "Approved Drug Products with Therapeutic Equivalence Evaluations," which is commonly called the "Orange Book."

12. If a company seeks approval to market a generic version of an NDA drug before a patent listed in the Orange Book expires, then the company seeking to obtain approval must include in its ANDA submission a "certification" that the patent is invalid, unenforceable, and/or would not be infringed by the generic product. This type of certification is commonly called a "Paragraph IV Certification."

13. The ANDA applicant must send both the NDA holder and the patent holder a notice letter that includes a detailed statement of factual and legal bases for the ANDA applicant's opinion that the patent is invalid, unenforceable, and/or would not be infringed.

14. Pursuant to 21 U.S.C. § 355(j)(5)(C), the ANDA applicant must include within its notice letter an "offer of confidential access" to its ANDA, which provides the NDA holder the opportunity to inspect the ANDA "for the purpose of determining whether" it should file suit against the ANDA holder.

15. The FDA "Orange Book" lists the '467 patent, the '976 patent and the '427 patent as being associated with Glaxo's NDA No. 21-319 for Avodart.

16. Barr Labs filed with the FDA an ANDA containing a Paragraph IV Certification to obtain approval to engage in the manufacture, use or sale of a certain formulation of dutasteride capsules (the "ANDA product").

17. In a letter dated January 11, 2008, Barr Labs' representative provided Glaxo with notice that it had submitted an ANDA with a Paragraph IV certification, and the notice letter contained a detailed factual and legal statement as to why the asserted patents are invalid, unenforceable and/or not infringed by Barr Labs' ANDA products.

18. Within its notice letter, and pursuant to 21 U.S.C. § 355(j)(5)(C), Barr Labs offered to provide its ANDA to Glaxo with certain confidentiality provisions. Barr later provided Glaxo with confidential access to its ANDA in February 2008.

19. Glaxo filed a patent infringement lawsuit against Barr Labs. In its complaint, Glaxo alleges that Barr Labs' ANDA product will infringe the patents-in-suit, which Barr Labs has denied herein.

20. This case is an exceptional one, and Barr Labs is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## COUNT I

**Declaration of Non-Infringement of the '467 Patent, the '976 Patent and the '427 Patent**

21. Barr Labs re-alleges and incorporates herein the allegations of paragraphs 1-20.

22. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that claims of the '467 patent, the '976 Patent, and the '427 Patent will not be infringed by the manufacture, use, offer for sale, or sale of Barr Labs' ANDA product.

23. Glaxo asserts that the manufacture, use, offer for sale, or sale of Barr Labs' ANDA product does and will infringe claims of the patents in suit.

24. The manufacture, use, offer for sale, or sale of Barr Labs' ANDA product does not and will not infringe valid, enforceable claims of the patents-in-suit.

25. A present, genuine justiciable controversy exists between Barr Labs and Glaxo regarding whether the manufacture, use, offer for sale, or sale of Barr Labs' ANDA product would infringe valid, enforceable claims of the patents-in-suit.

26. Barr Labs is entitled to a declaration that the manufacture, use, offer for sale, or sale of its ANDA product does not and will not infringe valid, enforceable claims of the patents-in-suit.

## COUNT II

**Declaration of Invalidity of the '467 patent, the '976 Patent, and the '427 Patent**

27. Barr Labs re-alleges and incorporates herein the allegations of paragraphs 1-26.

28. This counterclaim arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and seeks a declaration that claims of the '467 patent, the '976 Patent, and the '427 Patent are invalid.

29. Glaxo asserts that claims of the '467 patent, the '976 patent, and the '427 patent are valid and infringed by Barr Labs' ANDA.

30. The manufacture, use, offer for sale, or sale of Barr Labs' ANDA products do not and will not infringe the '467 patent, the '976 patent, and the '427 patent, because claims of those patents are invalid under one or more provisions of 35 U.S.C. §§ 101, 102, 103 or 112, or other judicially-created bases for invalidation.

31. A present, genuine, and justiciable controversy exists between Barr and Glaxo regarding the validity of the claims of the '467 patent, the '976 patent, and the '427 patent.

32. Barr is entitled to a declaration that claims of the '467 patent, the '976 patent, and the '427 patent are invalid.

## RELIEF

WHEREFORE, Defendant/Counterclaim-Plaintiff Barr Laboratories, Inc. prays that the Court enter judgment in its favor and against Plaintiff/Counterclaim-Defendant Glaxo as follows:

1. Dismissing Glaxo's Complaint with prejudice and denying each request for relief made therein.

2. For a declaration that Barr Laboratories, Inc.'s ANDA products do not and will not infringe claims the '467 patent, the '976 patent, and the '427 patent.

3. For a declaration that claims of the '467 patent, the '976 patent, and the '427 patent are invalid;

4. For an award of attorneys' fees pursuant to 35 U.S.C. § 285;

5. For an award of costs;

6. Preliminarily and permanently enjoining Glaxo, its officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with Glaxo, from utilizing the '467 patent, the '976 patent, and the '427 patent to block, hamper, hinder, or obstruct FDA approval of Barr Labs' ANDA product;

7. Permanently enjoining Glaxo, its officers, agents, servants, employees, attorneys, and any person who acts in concert or participation with Glaxo, from asserting or otherwise seeking to enforce the '467 patent, the '976 patent, and the '427 patent against Barr Labs or anyone in privity with Barr Labs; and

8. For such other relief as the Court determines to be just and proper.

Dated: March 19, 2008	Respectfully submitted,

By: /s/ John C. Phillips, Jr.
John C. Phillips, Jr. (#110)
Brian E. Farnan (#4089)
Phillips, Goldman & Spence, P.A.
1200 North Broom St.
Wilmington, DE 19806
Tele: (302) 655-4200
Fax: (302) 655-4210
JCP@pgslaw.com

Of Counsel:

George C. Lombardi
(glombardi@winston.com)
James M. Hilmert
(jhilmert@winston.com)
Ivan M. Poullaos
(ipoullaos@winston.com)
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
(312) 558-5600

*Attorneys for Defendant Barr Laboratories, Inc.*