IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,<br><br>    Plaintiff,<br><br>  v.<br><br>BARR LABORATORIES, INC.,<br><br>    Defendant.<br><br>BARR LABORATORIES, INC.,<br><br>    Counterclaim-Plaintiff,<br><br>  v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE,<br><br>    Counterclaim-Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 08-112 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SCHEDULING ORDER

At Wilmington this 18th day of April 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.1,

IT IS ORDERED that:

The following schedule shall apply to this action.

  1.  **Pre-Discovery Disclosures.** The parties will exchange by **April 25, 2008** the information required by Fed. R. Civ. P. 26(a)(1).

2. **Discovery.**

(a) Discovery will be needed on the following subjects: Plaintiff will take discovery on infringement and Defendant's contentions on claim construction, invalidity and unenforceability of the Patents-in-Suit. Defendant will take discovery on issues of invalidity, unenforceability, and Plaintiff's contentions on infringement, claim construction and validity of the Patents-in-Suit.

(b) All fact discovery shall be commenced in time to be completed by: **April 24, 2009.**

(1) Each party shall make a rolling production of documents, with a substantial production to be completed within four months from the date of service of the other party's document requests, and with all production to be completed by **October 31, 2008.**

(2) Maximum of **20** interrogatories by each party to the other party. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; *i.e.*, the more detail a party provides, the more detail a party shall receive.

(3) Maximum of **25** substantive requests for admission by each party to the other party and unlimited requests regarding authenticity of documents.

(4) In the absence of agreement among the parties or by order of the Court, no depositions (other than non-substantive depositions noticed under Fed. R. Civ. P. 30(b)(6) relating to the existence, location and collection of documents) shall be scheduled prior to the completion of document production.

(5) Maximum of **16** depositions of non-Rule 30(b)(6) fact witnesses by each party. Each fact deposition is limited to a maximum of seven hours unless extended by agreement of the parties, except that depositions of the inventors (Stephen Frye and Kenneth

Batchelor) shall be limited to a maximum of ten hours each. In addition, there shall be a maximum of **30 hours** of Rule 30(b)(6) deposition time allotted to each party, but no single day of any Rule 30(b)(6) deposition shall exceed seven hours without consent of the party whose Rule 30(b)(6) witness is being deposed.

      (c)    Expert discovery shall be commenced in time to be completed by: **November 13, 2009**.

      (1)    Expert reports on issues for which the parties have the burden of proof due: **June 12, 2009**. Rebuttal expert reports due: **August 7, 2009**. Reply reports to the rebuttal expert reports due: **August 28, 2009**.

      (2)    The parties will discuss the appropriate length of expert depositions during the period for expert discovery.

      (3)    All *Daubert* motions shall be filed on or before: **December 22, 2009**.

      (d)    Willfulness has not been asserted. If willfulness is later asserted, the Court will set a date by which Defendant must inform Plaintiff as to whether it intends to rely on advice of counsel. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by Defendant to its counsel and whatever other materials related to the issues in dispute that Defendant had in its possession at the time the advice was sought.

      (e)    Supplementations under Rule 26(e) due: **December 1, 2008** and at other times as appropriate pursuant to Federal Rule of Civil Procedure 26(e).

      (f)    **Discovery Disputes**. The Court shall conduct an in-person discovery status conference on **October 16, 2008 at 3:30 p.m.**, the time to be allocated equally among the

sides. No motions to compel or motions for protective order shall be filed absent approval of the Court.

    (1)    The Court shall remain available to resolve by telephone conference disputes arising during the course of a deposition and disputes over the terms of a protective order.

    (2)    Absent express approval of the Court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

    (g)    **Fact Witnesses to be Called at Trial.** Within one (1) month following the close of expert discovery, each party shall serve on the other party a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to **an aggregate total of twenty (20) hours per side** unless extended by agreement of the parties or upon order of the Court upon good cause shown. No deposition of any fact witness deposed under this provision shall exceed seven hours.

    3.    **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before: **January 30, 2009**.

    4.    **Service.** The parties have agreed to service of pleadings and other documents by email.

5.  **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

6.  **Claim Construction Issue Identification.** If the Court does not find that a limited earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on: **March 3, 2009.** This document will not be filed with the Court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 8 below.

7.  **Summary Judgment Motions.** No summary judgment motions shall be filed without leave of the Court.

8.  **Claim Construction.** Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary meaning.

    The parties shall agree upon and file the Joint Claim Construction Statement on: **September 25, 2009,** with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on: **October 23, 2009.** Simultaneous response briefs should be filed by: **November 24, 2009.** The hearing on the claim construction will be held on: **December 18, 2009 at 9:00 a.m.**

9.  **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. The Court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the Court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to chambers.

(c) Any party with an emergency matter requiring the assistance of the Court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.usCourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

10. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

11. **Pretrial Conference.** A pretrial conference will be held on: **January 26, 2010 at 4:30 p.m.** in Courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. Local Rule 16.3 shall govern the pretrial conference.

12. **Trial.** This matter is scheduled for a two-week bench trial commencing **February 23, 2010** in Courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge